

**ORDERED in the Southern District of Florida on April 07, 2010.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov**

In re:

ANDREA SHAYE MORGAN,

Debtor,

Case No.: 09-16188-BKC-AJC

Chapter 7

**ORDER GRANTING AMENDED MOTION OF KIMBERLY
CAMDEN AND LORI CAMDEN FOR RELIEF FROM AUTOMATIC STAY**

**THIS MATTER** came before the Court for Hearing on March 23, 2010 at 2:30 p.m., for consideration by the Court of the *Amended Motion of Kimberly Camden and Lori Camden for Relief from Automatic Stay* (the "Motion") [C.P. 106]. The Court, having heard arguments of counsel, having reviewed the Motion and the Debtor's *Objection to Amended Motion of Kimberly Camden and Lori Camden for Relief from Automatic Stay* (the "Objection") [C.P. 110], and being otherwise fully advised in the premises, the Court does

**FIND AND CONCLUDE AS FOLLOWS:**

A.     **Jurisdiction and Venue.**     The Court has jurisdiction over the matters raised in

1

the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.    **Core Proceeding.**    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

## FACTUAL SUMMARY

Andrea Shaye Morgan (the "Debtor") is the Debtor herein pursuant to the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on or about April 4, 2009.

The Motion requests, pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001 and Local Rules 4001-1 and 9013-1, that the Court grant relief from the Automatic Stay to Kimberly Camden and Lori Camden (the "Camdens"), so that the Camdens may continue with litigation in Monroe County Court over a security deposit given by the Camdens to the Debtor for a residential lease. The Camdens allege that they gave the Debtor a security deposit in the amount of $2,000.00 on or before April 1, 2009, prior to taking possession of an apartment owned by the Debtor. Upon vacating the apartment, the Camdens allege that the Debtor willfully and purposefully refused to return said deposit.

The Debtor, although having filed bankruptcy on April 4, 2009, failed to list the Camdens on her bankruptcy schedules, nor were the Camdens listed on the Amended Schedules filed on April 20, 2009 [C.P. 15]. After the Camdens had instituted the Monroe County litigation, and the Debtor allegedly defended said litigation for several months, the Debtor filed a Suggestion of Bankruptcy in Monroe County on or about November 10, 2009. The Camdens then filed their first Motion for Relief from Stay [C.P. 78] on November 16, 2009. It was only then that the Debtor amended her schedules to reflect the Camdens' claim, which she did on December 7, 2009.

Although the Court originally scheduled a stay relief hearing, that hearing was continued through the agreement of counsel for the Debtor and the Camdens.  On February 5, 2010, the Court entered an *Order Granting C.P. 88, Motion for Continuance and Denying, Without Prejudice, Relief Sought in C.P. 78* [C.P. 104] because counsel failed to properly submit an order resetting the stay relief hearing to a date certain.  However, the Court stated that the motion for stay relief was denied without prejudice to refiling on a future date.  On February 16, 2010, the Camdens filed their amended Motion.

## **DISCUSSION**

A bankruptcy filing imposes an "automatic stay" of all litigation against the Debtor pursuant to 11 U.S.C. § 362(a).  However, the Court may grant a party in interest relief from this automatic stay "for cause."  11 U.S.C. § 362(d)(1).  Although the Bankruptcy Code fails to define precisely what constitutes "cause," for stay relief purposes, courts have held that cause exists to allow a state court action to proceed where the bankruptcy court may abstain from deciding those issues.  *In re Tuscon Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *see also Allied Capital, Inc. v. Gibson (In re Gibson)*, 349 B.R. 54 (Bankr.D.Idaho 2006) (Congress has stated: [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere").

The factors for where a Bankruptcy Court may abstain from deciding a certain issue are enumerated in 28 U.S.C. § 1334 as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced,

and can be timely adjudicated, in a State forum of appropriate jurisdiction. 28 U.S.C. § 1334.

The Camdens have previously commenced an action in Monroe County Court, which action was brought under Florida's Landlord and Tenant Law, Fla. Stat. §§ 83, *et seq*. Absent the Debtor's bankruptcy filing, this Court would not have had jurisdiction over the Camdens' claim. There can be little argument that Monroe County Court is a more appropriate forum for deciding a landlord-tenant action than the Bankruptcy Court of the Southern District of Florida. The Monroe County Court has been apprised of the facts and circumstances of the litigation, the litigation centers around an issue of purely state law and the county court can timely adjudicate the issues contained therein. Accordingly, for the reasons stated above, it is

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED**, and the Automatic Stay is modified to permit the Creditors, Kimberly Camden and Lori Camden, to pursue their litigation in the County Court in and for Monroe County, Florida, in Case No. SCK-09-269, to a final judgment not subject to execution until further order of the Court.

2. The Court reserves jurisdiction to interpret and enforce the terms of this Order.

###

Submitted by:

Brian P. Yates, Esq.
Sapurstein & Bloch, P.A.
9700 South Dixie Highway, Suite 1000
Miami, Florida 33156
(305) 670-9500

(Attorney Yates is directed to serve a copy of this order on all interested parties and file a certificate of service).